UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PING YIP a/k/a WINNIE YIP and GENE WILLIAM BAILLARGEON, <br><br> Defendants. | Civil Action No. 20-3641-SDW-AME <br><br> **OPINION and ORDER** |

**ESPINOSA**, Magistrate Judge

This matter is before the Court on the unopposed motion by the law firm of Vyzas and Associates, P.C. (the "Vyzas Firm") and Brian T. Flanagan, Esq., counsel of record for defendant Gene William Baillargeon ("Baillargeon"), to withdraw as counsel pursuant to Local Civil Rule 102.1 [ECF No. 41]. The Court has considered the written submissions and decides the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the motion to withdraw is granted.

**I.    BACKGROUND**

This breach of contract action arises out of an indemnity agreement related to a conservatorship bond issued by plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") at the request and on behalf of defendants Baillargeon and Ping Yip ("Yip"). Baillargeon and Yip each previously served as court-appointed conservators of an incapacitated individual and, in that role, were required by the Bergen County, New Jersey Surrogate's Court to obtain a bond. The Complaint alleges Baillargeon and Yip executed an indemnity agreement as a condition and in consideration of obtaining the bond from Liberty Mutual. It further alleges that, on or about

1

December 12, 2019, Liberty Mutual made a substantial payment on a claim made on the bond. Plaintiff filed this suit on April 3, 2020, seeking indemnification from the defendants.

On June 11, 2020, Baillargeon retained the Vyzas Firm to represent him in this action. He and the Vyzas Firm entered into an Agreement To Provide Legal Services (the "Retainer Agreement"), pursuant to which Baillargeon paid a $5,000 retainer amount. The Retainer Agreement set forth the Vyzas Firm's hourly fees for legal services, ranging from $262.50 to $300.00 an hour. It expressly stated that clients must pay for legal services within the time provided in the Retainer Agreement and warned that the Vyzas Firm may seek to withdraw from representation if bills were not paid on time. On June 15, 2020, Mr. Flanagan of the Vyzas Firm entered an appearance in this action on behalf of Baillargeon.

According to the motion to withdraw, Baillargeon has made no payments, other than the initial retainer, for the services provided and costs incurred by the Vyzas Firm over the past year. Mr. Flanagan, who provides a certification in support of the motion, states that the Vyzas Firm has advised Baillargeon on numerous occasions that it must withdraw from representing him unless he is able to pay for legal services. He further states that Baillargeon has informed the Vyzas Firm that he does not have funds to pay the outstanding balance, totaling $24,657.55 as of June 9, 2021, or to pay for future services, which the Vyzas Firm estimates would amount to tens of thousands of dollars.

**II.   DISCUSSION**

Local Civil Rule 102.1 provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." In considering a motion to withdraw, this District applies Rule 1.16 of the New Jersey Rules of Professional Conduct ("RPC"), which sets forth an attorney's ethical obligations in terminating representation of a client. *See* Local Civil Rule 103.1 (providing that federal practitioners in this District are subject to the New

Jersey RPCs); *see also Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422-23 (D.N.J. 1993) (holding that RPC 1.16 applies to a motion to withdraw as counsel in New Jersey federal court). RPC 1.16(b) sets forth various grounds on which an attorney may be permitted to withdraw from representing a client, as follows:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists; upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause shown for withdrawal exists.

RPC 1.16(b). Additionally, the Rule provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned or incurred." RPC 1.16(d).

Guided by RPC 1.16, Courts in this District consider several factors in evaluating a motion to withdraw as counsel: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." *See United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp.

244, 252-53 (D.N.J. 1997); *Haines*, 814 F. Supp. at 423. Although good cause for withdrawal may exist, the decision to permit an attorney to withdraw his or her appearance remains entirely within the discretion of the Court. RPC 1.16(c); *see also Haines*, 814 F. Supp. at 422 (finding that RPC 1.16(c) "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause.").

  Here, the Court finds that permitting withdrawal of Baillargeon's counsel is warranted. The Vyzas Firm and Mr. Flanagan seek to withdraw as counsel for Baillargeon, arguing they cannot continue the representation without bearing an unreasonable financial burden. The Third Circuit has found the withdrawal of counsel to be justified under similar circumstances to this case. *See Erie Molded Plastic v. Nogah*, 520 F. App'x 82, 83-85 (3d Cir. Mar. 26, 2013) (granting counsel's motion to withdraw, even in the absence of substitute counsel, when client refused to pay $5,000.00 in unpaid fees despite counsel's repeated requests for payment). Not only are the unpaid fees to date substantial, but the almost $25,000 balance would continue to grow as this case proceeds through discovery, motion practice, court appearances, and trial preparations. Baillargeon has made clear that he is not able to pay for these legal services.

  The Vyzas Firm's demonstrated financial burden constitutes good cause for withdrawal under RPC 1.16(b)(6). Baillargeon has not paid any amount towards the outstanding balance owed to the Vyzas Firm despite receiving express warnings that the Vyzas Firm cannot continue to represent him without being paid. Under RPC 1.16(b)(5), Baillargeon's failure to pay for legal services, as required by the Retainer Agreement, also constitutes good cause for withdrawal of his counsel. The other factors bearing on the Court's evaluation of the motion also militate in favor of permitting counsel to withdraw. It does not appear that withdrawal will cause prejudice to the parties or hinder the resolution of this case. No opposition has been filed and the Court can identify no prejudice to any party nor undue delay that would result from permitting counsel for

Baillargeon to withdraw. This case is still in the early stages of discovery. The action may proceed without impediment whether Baillargeon seeks new counsel or opts to defend against Plaintiff's claims on his own.

The Vyzas Firm and Mr. Flanagan have represented that, in anticipation of the relief they seek in this motion, they have been diligent in providing Baillargeon with the case information he will need for representing himself in this action. To further that orderly transition and to fulfill their obligations under RPC 1.16(d), the Vyzas Firm and Mr. Flanagan pledge to be reasonably available to assist Baillargeon through the transition to new counsel or self-representation.

Accordingly, the Court finds good cause to grant the motion to withdraw as counsel, pursuant to Local Civil Rule 102.1.

### III.   ORDER

For the reasons discussed above, and good cause shown,

**IT IS** on this 16th day of September 2021,

**ORDERED** that the motion by Vyzas and Associates, P.C. and Brain T. Flanagan, Esq. to withdraw as counsel [ECF No. 41] is **GRANTED**; and it is further

**ORDERED** that Vyzas and Associates, P.C. and Brian T. Flanagan, Esq. shall comply with their obligations under RPC 1.16(d), as adopted by Local Civil Rule 103.1 and it is further

**ORDERED** that Vyzas and Associates, P.C. and Brian T. Flanagan, Esq. shall serve a copy of this Order on Defendant Baillargeon by overnight and regular mail within three business days; and it is further

**ORDERED** that Vyzas and Associates, P.C. and Brian T. Flanagan, Esq. shall provide the Court with defendant Baillargeon's mailing address and telephone number; and it is further

**ORDERED** that counsel's withdrawal shall not take effect until counsel files proof of service and provides the Court with defendant Baillargeon's contact information, as set forth above; and it is further

**ORDERED** that defendant Baillargeon shall have twenty days to secure new counsel or thereafter be deemed to enter an appearance pro se.

 /s/ *André M. Espinosa*  
ANDRÉ M. ESPINOSA  
United States Magistrate Judge
